PEOPLE v JOHNSON

Docket No. 76159. Submitted June 11, 1985, at Grand Rapids.—Decided December 16, 1985. Leave to appeal denied, 424 Mich 907.

Gary L. Johnson was convicted of armed robbery following a bench trial in the Recorder's Court of Detroit, James E. Roberts, J. During the trial, a fourteen-year-old witness who had previously identified the defendant as one of the robbers testified that he could not identify the robbers. The trial court ordered a recess and took the witness, the court reporter and the police officer in charge of the case into chambers for an *in camera* hearing, because the court was concerned that someone may have induced the witness to change his story. Upon questioning by the court and the police officer, the witness indicated that he had been offered money to testify that defendant was not one of the robbers. The witness then assured the court that he would tell the truth. In an effort to protect the witness, the trial court refused to disclose to the prosecutor or defense counsel the nature of the *in camera* proceedings, but the court did indicate to defendant and defense counsel that it would grant a mistrial if requested. Defendant refused to request a mistrial and the trial court thereafter found defendant guilty as charged. Defendant appealed. *Held:*

1. The confrontation clause of the United States Constitution guarantees a criminal defendant the right to be present at every stage of his trial. While it has been held that an *in camera* hearing between the trial judge and a witness is not a stage of the trial at which the defendant must be present, where, as here, the trial judge is sitting as the trier of fact and the *in camera* interview involves matters which go to the

References

Am Jur 2d, Criminal Law §§ 880, 916.

Am Jur 2d, Trial § 1023.

Right of accused to be present at suppression hearing or at other hearing or conference between court and attorneys concerning evidentiary questions. 23 ALR4th 955.

Exclusion of public during criminal trial. 48 ALR2d 1436.

See also the annotations in the ALR3d/4th Quick Index under Confrontation of Witnesses.

question of the witness's demeanor, the defendant is entitled to be present.

2. Due process requires that a defendant be afforded a trial at which untainted evidence is considered by an impartial trier of fact. Ex parte communications between a witness and the trial judge cast a shadow on the impartiality, or at least the appearance of the impartiality, of any judicial proceedings, particularly where the matter is being tried with the judge sitting as the trier of fact.

3. Since the defendant and his counsel were not made aware of the nature of the *in camera* proceedings, the failure to request a mistrial does not act as a waiver of defendant's right to raise on appeal whether the *in camera* proceedings resulted in error mandating reversal.

Reversed and remanded.

1. TRIAL — CONFRONTATION OF WITNESSES — BENCH TRIAL — *IN CAMERA* PROCEEDINGS — CONSTITUTIONAL LAW — CRIMINAL LAW.

It is error mandating reversal for a trial judge sitting without a jury in a criminal case to hold an *in camera* interview with a witness for the purpose of ascertaining why the witness was recanting his previous statements to the police and, upon ascertaining that there had been financial inducements offered to the witness, to refuse to disclose to either the prosecutor or defense counsel the nature of the *in camera* proceedings, since the confrontation clause of the United States Constitution guarantees a defendant the right of physical presence when a witness's response and demeanor are being tested before the trier of fact (US Const, Am VI).

2. TRIAL — *IN CAMERA* PROCEEDINGS — IMPARTIALITY — BENCH TRIAL — CRIMINAL LAW.

*In camera* proceedings during a criminal trial are generally regarded as improper; ex parte communications between a witness and the trial judge cast a shadow on the impartiality, or at least the appearance of the impartiality, of any judicial proceeding, particularly a bench trial where the judge sits as the trier of fact.

3. APPEAL — MISTRIAL — BENCH TRIAL — *IN CAMERA* PROCEEDINGS.

The refusal by a criminal defendant to request a mistrial on the basis of an *in camera* discussion between the trial court and a witness where the trial court is sitting as the trier of fact and refuses to divulge the nature of the *in camera* proceedings does not waive the defendant's right to claim error arising out of the

*in camera* proceedings, since under those circumstances the defendant could not make an informed decision as to whether to request the mistrial.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Richard R. Nelson,* for defendant on appeal.

Before: GRIBBS, P.J., and CYNAR and P. J. DUGGAN, * JJ.

P. J. DUGGAN, J. Defendant was convicted of armed robbery following a bench trial. He appeals as of right. Defendant and a co-defendant, Juarez Bolden, were charged with robbing a gas station. An employee of the gas station testified that defendant Johnson was one of the individuals who committed the robbery. Clifford Williams, a fourteen-year-old witness, testified that he was at the gas station the night the robbery allegedly took place; but, contrary to statements he had previously given, Williams initially testified at trial that he could not identify the robbers. At this point the trial judge ordered a recess, and took Williams, the court reporter and the officer in charge into chambers for an *in camera* hearing. The judge was concerned that someone may have ordered Williams to change his story. After questioning by the judge and the police officer (some of which questioning by the police officer took place out of the presence of the judge and the court reporter), Williams admitted that he had been offered money by the brother of the defendant if he would testify that he could not identify the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

robbers. He then assured the judge that he would tell the truth while testifying.

In an effort to protect Williams, the court refused to disclose to the prosecutor or the defense attorney what was said during the *in camera* hearing. The court, however, did indicate to defendant and defense counsel that he would grant a mistrial if one was requested. For "tactical reasons" defendant refused to request a mistrial.

Williams then testified during the bench trial that the defendant was one of the robbers. The court, however, prevented defense counsel from inquiring about any of the discussion that took place in chambers. The court subsequently found defendant guilty of the armed robbery charge.

The only issue raised by appellant is whether defendant is entitled to a new trial because of a violation of his constitutional rights under the Sixth Amendment. US Const, Am VI. Defendant contends that the *in camera* discussion between the trial judge and the prosecution witness violated his right to have a public trial by an impartial jury and to be confronted by the witnesses against him. Defendant believes that such violation requires the granting of a new trial.

The confrontation clause of the Sixth Amendment requires that "in all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him". Applicable to the states through the Fourteenth Amendment, the confrontation clause "guarantees a criminal defendant the right to be present at every stage of his trial, *Illinois v Allen,* 397 US 339; 90 S Ct 1057; 25 L Ed 2d 353 (1970), and to physically confront and to cross-examine the witnesses against him. *Davis v Alaska,* 415 US 308; 94 S Ct 1105; 39 L Ed 2d 347 (1974)." *LaChappelle v Moran,* 699 F2d 560, 564 (CA 1, 1983). Because

such *in camera* proceedings during a criminal trial are "manifestly conceptually incompatible with our system of criminal jurisprudence", close consideration of this question is warranted. *United States v Arroyo-Angulo*, 580 F2d 1137, 1141 (CA 2, 1978).

A defendant's right to be present at his trial extends to any stage of his trial that "bears, or may fairly be assumed to bear, a relation, reasonably substantial to his opportunity to defend". *Snyder v Massachusetts*, 291 US 97, 106; 54 S Ct 330; 78 L Ed 674 (1934). However, not every aspect of a judicial proceeding is a stage at which the accused must be present. For example, in *LaChappelle, supra,* where the trial judge in a *jury* trial sensed that the sixteen-year-old complainant had refused to answer defense counsel's question because of embarrassment and saw fit to conduct an *in camera* interview with her out of the presence of counsel and the jury, the appellate court held that the *in camera* conference was not a stage of the trial at which the confrontation clause gave a right to be present. *LaChappelle,* however, is distinguishable from the instant case. In *LaChappelle,* the judge was not the trier of fact and the court specifically noted that "[t]he witness's response and demeanor were not being judged at the in camera conference". *LaChappelle, supra,* p 566. The *LaChappelle* court specifically noted that "[t]he confrontation clause guarantees a defendant the right of physical presence when a witness's response and demeanor are being tested before the trier of fact". *LaChappelle, supra,* p 566.

Given the fact that Williams was an eyewitness to the armed robbery, his credibility certainly was a significant factor in the decision made by the trier of fact. Certainly, had this same information been conveyed to a jury without the defendant or

his counsel being present, a new trial would be mandated. An *in camera* proceeding before a judge in a bench trial does not require a different result where the information communicated to the judge may well have influenced his decision as the trier of fact.

In this Court's opinion, defendant's Sixth Amendment rights were violated. Mr. Williams made statements to the trier of fact during the *in camera* hearing which the defense was not given any opportunity to refute. The statements made by Mr. Williams could be interpreted as adverse to defendant. Defendant had no opportunity to cross-examine the witness with regard to these statements, nor was the defense even aware of the substance of these statements. This violation of the defendant's Sixth Amendment rights mandates a new trial.

We believe a new trial is also mandated by reason of the fact that defendant's rights to due process guaranteed to him under the 14th Amendment of the United States Constitution were violated. The relevant determination under the due process clause is whether the judge's actions were so egregious and fundamentally unfair as to deprive the defendant of his right to trial based on untainted evidence before an impartial trier of fact. See *LaChappelle, supra,* pp 566-567.

Generally, courts regard *in camera* proceedings during criminal trials as improper. Ex parte communications cast a shadow on the impartiality, or at least the appearance of the impartiality, of any judicial proceeding, particularly a bench trial where the judge sits as the trier of fact. *Grieco v Meachum,* 533 F2d 713 (CA 1, 1976).

In the instant case, the impartiality of the trial judge following the *in camera* proceeding is clearly in question. The information obtained by the judge

during the *in camera* conference may well have influenced the judge's opinion of the credibility of the eyewitness testimony. Moreover, the trial judge communicated to defense counsel his concerns about his ability to remain impartial based on the information received in chambers. Because this was a bench trial, defendant's right to a trial before an impartial trier of fact was jeopardized and he is entitled to a new trial.

The prosecution argues that a new trial should not be granted because defendant was given an opportunity for a mistrial and refused it. He should, therefore, not now be allowed to claim error. We disagree. We recognize that the trial judge was in a difficult position. If he granted the mistrial without defendant's consent at that stage of the proceedings, defendant might well have been successful in precluding a second trial on the basis of double jeopardy. If he did not grant the mistrial, defendant most certainly would assert his conduct as the basis for a new trial, as he has done. The prosecution contends that defendant should not be able to reject the court's offer for a mistrial, thereby implying that he is satisfied that the court can be impartial, and then later attack the court's conduct.

While we do not condone a party's deliberately refusing to object to "error" and then awaiting an adverse verdict before asserting it as error, we believe the circumstances here should not preclude defendant from now raising this issue. In this case, defendant was never sufficiently informed of what took place during the *in camera* hearing so as to be able to make an informed choice as to whether to request a mistrial. While the court did suggest that what took place in chambers may have affected his impartiality, defendant did not know why. Defendant may have assumed that what took

place in chambers was not significant enough to clearly affect the court's impartiality. In other words, he may have assumed that the court could set aside what took place in chambers and decide this case in a fair and impartial manner. This defendant chose to be tried without a jury before that judge. Without knowing what took place in chambers, defendant could not make an informed decision as to whether or not to request a mistrial. By refusing the opportunity to obtain a mistrial, defendant did not waive his right to assert a violation of his constitutional rights when the facts of what took place in chambers became known to him.

In reversing the trial court, it is important to note that we find the trial judge's motives in holding the *in camera* hearing beyond reproach.

"Judges in our system are not mere bureaucrats. They have the ultimate responsibility to see that a trial is conducted fairly, and in difficult circumstances such as occurred here, they must do what they think right." *LaChappelle, supra,* p 567.

The trial judge suspected that a witness may have been threatened. He was faced with a difficult decision and he dealt with it in a manner that he thought was appropriate. His integrity is not in question.

However, for the reasons indicated above, a new trial must be ordered.

Reversed and remanded for a new trial.